UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN R. CASTRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN PASCUAL; CONIE LEGASPI; RONALD ALONZO; LAW OFFICE OF MCCARTHY & HOLTHUS; QUALITY LOAN SERVICE CORP.; AND JPMORGAN CHASE BANK, N.A.,<br><br>　　　　Defendants. | Case No. 20-cv-01090-BLF<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E); AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>[Re: ECF 2] |

　　　　Plaintiff John R. Castro ("Castro") filed this action on February 11, 2020, challenging the alleged "non-judicial wrongful foreclosure" of property located at 630 E. Market Street, Salinas, California 93905 ("the Property"). *See* Compl., ECF 1. On the same date, Castro filed an application to proceed *in forma pauperis* ("IFP Application"). *See* IFP Applic., ECF 2. The IFP Application is GRANTED.

　　　　A federal court must conduct a preliminary screening of any complaint filed by an individual proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The screening requirement applies to both prisoners and non-prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). The court's screening obligation extends beyond the original complaint, as the court "shall dismiss the case at any time" if it determines that the plaintiff's pleading is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*.

The complaint is subject to dismissal because it fails to state a claim upon which relief may be granted. Castro alleges that in October 2006, he obtained a home equity loan in the amount of $150,000 from Washington Mutual Bank. Compl. ¶ 13.1. Although Castro apparently received the loan funds, he asserts that "the original debt was actually zero because the plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." Compl. ¶ 13.2 Castro alleges that he made timely monthly interest-only payments in the amount of approximately $890.34 from November 2006 through June 2014, initially to WAMU Bank and then to Chase Bank. Compl. ¶¶ 15.1, 15.2. In 2014, Chase Bank stated that Castro was behind on payments, and assigned Quality Loan Service Corp. ("Quality") to commence foreclosure on the Property. Compl. ¶ 15.3.

Quality recorded a Notice of Default and Election to Sell Under Deed of Trust in July 2015. Compl. ¶ 15.4 & Exh. A. The Notice of Default, which is attached to the complaint as Exhibit A, indicated that Quality was proceeding under a Deed of Trust dated 10/28/2006 which was executed by John Raymond Castro and Rosary V. Castro to secure a Note in the original sum of $150,000. Notice of Default, Compl. Exh. A. The Notice of Default stated that no payments had been made from June 2014 onward and that the amount of default was $17,777.71 as of July 7, 2015. *Id*.

It appears that the foreclosure proceedings were completed, and that Castro is seeking to set the foreclosure sale aside as void. Compl. at 2. He also may be challenging state court eviction proceedings. *Id*. Castro claims that "[t]he defendant who initiated the non-judicial foreclosure did not have standing to execute the power of sale clause in the deed of trust." Compl. ¶ 1.1. Castro states that "[t]he lack of authority to execute the power of sale clause and the other claims mentioned herein is the basis for this wrongful foreclosure lawsuit." *Id*.

The complaint is rambling, and it is difficult to understand Castro's asserted reasons for challenging Quality's standing to commence foreclosure proceedings. He asserts that "[t]he law firm, or the attorney, did not meet the requirements mandated in the Fair Debt Collection Practices Act (FDCP A), necessary to be a legal debt collector." Compl. ¶ 2.1. He also alleges that "McCarthy & Holthus does not have a license to practice law and therefore is not qualified to

2

represent a fictitious corporation in court." Compl. ¶ 3.2. It is unclear what role McCarthy & Holthus played in the events giving rise to this lawsuit.

The complaint makes reference to several individuals and entities whose roles in this case are unclear, and it contains numerous conclusory allegations of wrongdoing, for example: "The contract should be rescinded because the defendant did not provide full disclosure, the contract is extremely deceptive and unconscionable as well as numerous statements," Compl. ¶ 14.1; "The promissory note is not listed on a maritime lien against the prepaid trust account and filed with the county recorder and put on a UCC-1, Compl. ¶ 14.9; "The plaintiff provides evidence in the notice of default document and the Deed of trust that will prove the power of sale was executed by an agent without standing, and this prejudiced the plaintiff and therefore requests damages both compensatory and punitive as relief for the prejudice suffered," Compl. ¶ 16.3.

The complaint also contains several nonsensical statements of law, such as: "[C]ontracts requiring lawful money are illegal pursuant to Title 31 USC § 5118( d)(2)," Compl. ¶ 13.4; "All debts today are discharged by promises to pay in the future," *id*.; "Corporations cannot sign and therefore cannot enter into any contract, with an attorney," Compl. ¶ 17.3; "Lawyers and attorneys are NOT licensed to practice law, the nature of lawyer-craft in America as per the United States Supreme Court; The practice of Law CAN NOT be licensed by any state/State," Compl. ¶ 19.6; "The practice of Law is AN OCCUPATION OF COMMON RIGHT!," Compl. ¶ 19.7.

The complaint contains claims for: (1) Wrongful Foreclosure; (2) Violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) Violation of the Truth in Lending Act; (4) Breach of Contract; (5) Violation of Federal Trust and Lien Laws; (6) Slander of Title; (7) Slander of Credit; and (8) Infliction of Emotional Distress. These claims consist of a single sentence each, and are wholly unsupported by the preceding factual allegations.

Even measured by the liberal standards accorded *pro se* litigants, Castro's complaint is incomprehensible and fails to state a claim upon which relief could be granted. While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the Court has grave reservations whether Castro will be able to cure the deficiencies in his complaint to state a viable claim for relief, the Court will grant him an opportunity to try. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.

**ORDER**

(1) Plaintiff's application to proceed *in forma pauperis* is GRANTED;

(2) Any amended complaint shall be filed on or before March 6, 2020;

(3) Castro is advised that failure to allege facts sufficient to state a claim may result in dismissal of the case with prejudice; and

(4) Castro is advised that the U.S. Marshal will not be directed to serve process on Defendants unless and until Castro files a viable complaint.

Dated: February 13, 2020

BETH LABSON FREEMAN
United States District Judge