**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN R. CASTRO, <br><br> Plaintiff, <br><br> v. <br><br> JOHN PASCUAL, CONIE LEGASPI; RONALD ALONZO; LAW OFFICE OF MCCARTHY & HOLTHUS; QUALITY LOAN SERVICE CORP.; AND JPMORGAN CHASE BANK, N.A., <br><br> Defendants. | Case No. 20-cv-01090-BLF <br><br> **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR EMERGENCY HEARING** <br><br> [Re: ECF 4] |

Plaintiff John R. Castro ("Castro"), proceeding *pro se*, filed the complaint in this action on February 11, 2020. *See* Compl., ECF 1. The complaint challenges the alleged "non-judicial wrongful foreclosure" of property located at 630 E. Market Street, Salinas, California 93905 ("the Property"). *See id.* The complaint was accompanied by an application to proceed *in forma pauperis*. The Court has granted the application to proceed *in forma pauperis* in a separate order, and in that same order has screened Castro's complaint as required under 28 U.S.C. § 1915 and dismissed the complaint for failure to state a claim upon which relief may be granted. *See* Order Granting Plaintiff's Application to Proceed In Forma Pauperis, ECF 7.

On February 12, 2020, Castro filed a document captioned "Demand For Emergency Hearing TRO Non-Judicial/Permanent," which the Court understands to be an application for a temporary restraining order ("TRO") and a request for a hearing. TRO Applic., ECF 4. On February 13, 2020, the case was reassigned to the undersigned judge. *See* Order Reassigning Case, ECF 6.

1  The Court finds Castro's application for a TRO to be appropriate for decision without oral argument, and therefore his request for an emergency hearing is DENIED. *See* Civ. L.R. 7-1(b). The application for a TRO is DENIED for the reasons discussed below.

## I. LEGAL STANDARD

The Court may issue a TRO without notice to the adverse party only if (1) "specific facts in an affidavit or a verified complaint" show that immediate and irreparable injury will occur before the adverse party can be heard and (2) the movant's attorney certifies in writing what efforts were made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b). In addition, this district's Civil Local Rules require that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Civ. L.R. 65-1(b).

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## II. DISCUSSION

Castro does not appear to have given notice to Defendants of his application for a TRO, and he does not explain why notice should not be required.

Moreover, Castro has not demonstrated entitlement to injunctive relief. As an initial matter, it is not clear what relief Castro is seeking. Both his complaint and TRO application make clear that Castro challenges a non-judicial foreclosure of real property. However, it appears that

2

the foreclosure proceedings may have been completed. Castro describes the relief he seeks as follows:

> The plaintiff in this matter seeks relief from the defendants wrongful foreclosure practices actions. The plaintiff seeks declaratory and injunctive relief concerning a foreclosure conducted by entities who did not hold the authority to execute power of sale clause. Plaintiff also seeks injunction on the unlawful eviction action, pending procedures to verify the validity of the underlying mortgage loan.

TRO Applic. at 1, ECF 4. To the extent Castro is seeking to enjoin a state court eviction action, he has not provided any specifics regarding the eviction proceedings.

Most importantly, Castro has not established either likelihood of success or serious questions going to the merits. As discussed in detail in the Court's order screening the complaint and dismissing it with leave to amend, *see* ECF 7, Castro has failed to state a claim upon which relief may be granted. Having concluded that Castro has not established a likelihood of success or serious questions going to the merits, the Court need not reach the remainder of the *Winter* factors. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." (internal quotation marks and citation omitted)).

## III. ORDER

The application for a temporary restraining order and an emergency hearing is DENIED.

Dated: February 13, 2020

_____
BETH LABSON FREEMAN
United States District Judge

3